IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAK USA TECHNOLOGIES CORP.,<br><br>　　Plaintiff/Counterclaim Defendant,<br><br>　　v.<br><br>ELITEGROUP COMPUTER SYSTEMS, INC.,<br><br>　　Defendant/Counterclaimant. | Case No. 18-cv-05744-MMC<br><br>**ORDER AFFORDING COUNTERCLAIMANT LEAVE TO SUPPLEMENT APPLICATION FOR DEFAULT JUDGMENT; VACATING HEARING** |

Before the Court is counterclaimant Elitegroup Computer System, Inc.'s ("ECS") Application for Default Judgment, filed December 19, 2018. Counterclaim Defendant BAK USA Technologies Corp. ("BAK") has not filed a response thereto. Having read and considered the papers filed in support of the application, the Court, as set forth below, finds the showing made therein adequate in part and finds it appropriate to afford ECS leave to supplement, if it can do so, its showing as to certain relief it seeks.[1]

At the outset, the Court finds ECS, for the reasons stated in its application, is entitled to default judgment and, in particular, is entitled to damages in the amount of $876,400.00, which sum corresponds to the outstanding balance due under invoices ECS provided to BAK. (See Tsai Decl. ¶¶ 9-10, Ex. B.) The Court further finds that ECS is, as it requests, entitled to postjudgment interest. See 28 U.S.C. § 1961(a). As explained below, however, ECS has not shown its entitlement to the additional relief it seeks, specifically, an award of prejudgment interest (see Appl. at 9:1), an award of attorney's fees in the amount of $16,225.00 (see id. at 9:3; Tsai Decl. ¶¶ 11-12), and an

---

[1] In light thereof, the hearing scheduled for January 25, 2019, is hereby VACATED.

order directing BAK to return to ECS "any ECS goods remaining in BAK's possession" (see Appl. at 9:2).

With respect to its request for prejudgment interest, ECS has not set forth the amount it seeks, nor has it provided the Court with sufficient information to allow the Court to determine said amount. First, ECS has not identified the rate it requests, specifically, whether it seeks interest at the statutory rate of 10% per annum, see Cal. Civ. Code § 3289(b), or at any rate that may have been "stipulated by a contract," see Cal. Civ. Code § 3289(a). Second, although "[a] person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day," see Cal. Civ. Code § 3287(a), ECS has not provided the Court with sufficient information to determine any such day(s). Specifically, although each of the ten invoices offered by ECS in support of the instant application includes an "Invoice Date" and a "Payment Term" of "Net 30 Days" (see Tsai Decl. Ex. B), and ECS acknowledges that BAK did make payments on at least some of the invoices (see id. ¶¶ 9-10), ECS has not set forth the balance owed under each such invoice.

With respect to its request for an award of attorney's fees, ECS has not either identified a statute or submitted a copy of a contract that provides for attorney's fees, and, consequently, has not shown its entitlement to an award of attorney's fees. See Cal. Civ. Proc. Code § 1021 (providing "[e]xcept as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties"); Renwick v. Bennett (In re Bennett), 298 F.3d 1059, 1070 (9th Cir. 2002) (citing rule that "a prevailing party is ordinarily not entitled to attorney's fees unless the parties have previously agreed to shift fees or the fees are otherwise provided by statute").

With respect to its request for an order directing BAK to return goods, ECS does not appear to be entitled thereto, as it did not seek such injunctive relief in its counterclaim. See Fed. R. Civ. P. 54(c) (providing "default judgment must not differ in

2

kind from . . . what is demanded in the pleadings"); see, e.g., Pioche Mines Consolidated, Inc., 333 F.2d 257, 272 (9th Cir. 1964) (holding district court, in granting motion for default judgment, erred by appointing receiver, where "prayer of the complaint" did not seek such relief).

The Court will afford ECS leave to file, no later than January 25, 2019, a supplement to the instant application to set forth, if it can do so: (1) its entitlement to prejudgment interest at a specified rate and in a specified amount, (2) a statute or contract that provides for an award of attorney's fees, and (3) a legal basis for its request for injunctive relief. If ECS does not file a supplement by the deadline provided, the Court will grant ECS default judgment in the amount of $876,400.00 along with postjudgment interest thereon.

**IT IS SO ORDERED.**

Dated: January 3, 2019

MAXINE M. CHESNEY
United States District Judge